IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Matthew Haverstick,               :
          Petitioner      :
                         :   No. 1042 C.D. 2020
     v.                  :   Argued: December 13, 2021
                         :
Pennsylvania State Police,     :
          Respondent   :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION BY
JUDGE McCULLOUGH                    FILED: April 12, 2022

Matthew Haverstick (Requester) petitions for review of the September 21, 2020 final determination of the Office of Open Records (OOR) that granted in part, denied in part, and dismissed as moot in part his request for certain information from the Pennsylvania State Police (PSP) under the Pennsylvania Right-to-Know Law (RTKL).[1] The issues in this case are whether Requester waived his objection to documents that the PSP provided him on the closing date of the record in the appeal before the OOR and, if he did not, whether the PSP could redact documents or portions of those documents as records that are non-responsive to the request. Upon review, we conclude that Requester did not waive his objection to the belatedly produced records and that non-responsiveness is not a legal basis upon which to redact an otherwise disclosable public record. Accordingly, we affirm in part, reverse in part and remand.

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

## Background

This case presents predominately procedural issues under the RTKL and the specifics of the request and the substantive content of the documents are largely irrelevant. On June 1, 2020, Requester submitted a request to the PSP, seeking four classes of documents. More specifically, Requester sought documents that reflected communications between the PSP and the Gaming Control Board (Item 1), the PSP and the Department of Revenue (Item 2), the PSP and an individual acting on behalf of a casino (Item 3), and the PSP and the Pennsylvania Liquor Control Board (Item 4), with respect to "skill games" as that term is understood in light of this Court's decision in *POM of Pennsylvania, LLC v. Department of Revenue*, 221 A.3d 717 (Pa. Cmwlth. 2019) (*en banc*). (Final Determination at 1-2.)

On July 22, 2020, following Requester's agreement to an extension of time for the PSP to respond beyond the 30-day statutory extension, *see* section 902(b)(2) of the RTKL, 65 P.S. §67.902(b)(2), the PSP granted the request in part and denied it in part. With respect to the denial, the PSP argued that it did not possess records responsive to Items 1 and 4 and asserted that some records responsive to Items 2 and 3 were protected by the attorney-client privilege and the attorney work-product doctrine. On August 12, 2020, Requester appealed to the OOR, challenging the denial as to Items 1, 2, and 4 and setting forth grounds for disclosure. Requester did not appeal the PSP's response to Item 3 of the request. Subsequently, the OOR invited both parties to supplement the record and directed the PSP to notify any third parties of their ability to participate in the appeal. *See* section 1101(c) of the RTKL, 65 P.S. §67.1101(c). (Final Determination at 2; Reproduced Record (R.R.) at 3a-5a, 8a-16a, 25a-28a.)

On August 25, 2020, Requester notified the OOR that he had not received a docketed appeal packet and agreed to extend the deadlines to accommodate all

2

parties' participation in the matter. On that same date, the OOR informed the parties that the record would close on September 2, 2020, and a final determination would issue on September 21, 2020. On September 2, 2020, Requester filed a position statement. The PSP also filed its position statement on September 2, 2020. In its position statement, the PSP submitted a statement made under the penalty of perjury by its agency open records officer, William Rozier, to support its assertion that no records existed in response to Items 1 and 4 and that the records withheld in response to Item 3 were protected by the attorney-client privilege and attorney work-product doctrine. (Final Determination at 2-3; R.R. at 37a-148a.)

Also, on September 2, 2020, the date on which the record was scheduled to close, the PSP provided Requester, for the first time, with additional documents responsive to those sought in Item 2 (Records). Specifically, the PSP submitted the Records with its position statement. Moreover, with regard to the Records, Rozier, in his verified statement mentioned directly above, attested as follows: "[U]pon further review of records responsive to Item 2 of the request, I determined that some responsive email communications are not exempt from disclosure. I provided those records to [] Requester on September 2, 2020. Non-responsive communications in those records have been redacted." (Final Determination at 10; R.R. at 144a, 149a-66a.)

On September 11, 2020, the OOR sent an email to the parties, informing the attorney for the PSP that it required some additional evidence regarding the PSP's claim that certain withheld documents were protected from disclosure by the attorney-client privilege and the attorney work-product doctrine. In this email, the OOR instructed the PSP to "provide a response in the form of an affidavit by September 15, 2020." (R.R. at 167a.) The PSP submitted a supplemental affidavit from Rozier, as

well as a supplemental privilege log, to the OOR on September 15, 2020.  (R.R. at 168a-73a.)

On September 21, 2020, the OOR issued its final determination.  Relevant to this appeal, the OOR concluded:  "During the appeal, the PSP provided [the Records] a[s] responsive to Item 2 of the request.  Rozier affirmed that non-responsive communications in [the Records] have been redacted and Requester has not objected to such.  As such, the appeal as to [the Records] provided on appeal is dismissed as moot."  (Final Determination at 10.)[2]

Subsequently, on October 21, 2020, Requester filed the present petition for review, challenging the September 21, 2020 final determination of the OOR in this Court.[3]

## Discussion

In his appellate brief, Requester raises two general issues for our review, asking whether:  (1) "Under [s]ection 1101(a)(1) of the [RTKL], when a government

---

[2] On September 23, 2020, Requester filed a separate appeal of the OOR's final determination to the OOR with respect to the additional documents that the PSP provided him on September 21, 2020.  Among other things, Requester argued that the PSP's disclosure of the Records during the appeal to the OOR provide him with a right to file another appeal to the OOR in order to challenge the propriety of the PSP's redaction of records that were otherwise responsive to his request.  Requester further asserted that he had no meaningful opportunity to object to the PSP's disclosure of additional records before the OOR because he received them on the date the record was scheduled to close.

On October 28, 2020, the OOR issued a final determination that dismissed Requester's appeal.  Requester then filed a petition for review in this Court, which is docketed at No. 1214 C.D. 2020, and was argued *seriately* with the instant appeal.  *See Haverstick v. Pennsylvania State Police* (Pa. Cmwlth., No. 1214 C.D. 2020, filed April 12, 2022) (unreported).

[3] Our standard of review of determinations made by the OOR is *de novo,* and our scope of review is plenary.  *McGowan v. Pennsylvania Department of Environmental Protection*, 103 A.3d 374, 380 n.4 (Pa. Cmwlth. 2014).

4

agency belatedly produces redacted records, is it appropriate for the OOR to issue a determination as to those belatedly produced records before the requester's 15-day statutory appeal deadline has lapsed"; and (2) "Under [s]ection 708 of the [RTKL], is 'non-responsiveness' an appropriate basis to redact responsive records"? (Requester's Br. at 7.) Subsumed within the first—and, to an extent, the second—issue is the subsidiary question of whether Requester failed to properly preserve an objection to the Records during the proceedings below.

**Was Requester Statutorily Entitled to a 15-day Period to Object to the Additional Records and, if not, was He Afforded a Sufficient Opportunity in which to Lodge an Objection**

Requester argues that the OOR erred in issuing a final determination and concluding that any appeal with respect to the Records was moot because he did not object to them before the OOR. Relying on the 15-day deadline set forth in section 1101(a)(1) of the RTKL, 65 P.S. §67.1101(a)(1), and our unreported decision in *Buehl v. Pennsylvania Department of Corrections* (Pa. Cmwlth., No. 198 C.D. 2015, filed July 27, 2015) (unreported), Requester contends "that there are two separate events that trigger appeal rights: the date the request is denied and the date [a] [r]equester receives the records." (Requester's Br. at 15.) From this, Requester maintains that he should have had 15 days to appeal and challenge the PSP's redaction of parts of the Records, which would have been September 23, 2020, and faults the OOR for issuing a "premature" final determination on September 21, 2020.

Relatedly, Requester contends that he had no meaningful opportunity to review the Records and lodge an objection to the redactions before the OOR because he received the Records on the date the record closed. Advancing a public policy argument, Requester further stresses that "[t]he core purpose of the RTKL is to ensure access to agency records" and contends that the OOR's determination that any appeal

from the Records was moot "plainly goes against the spirit of the RTKL and will only encourage gamesmanship by government agencies during the RTKL process." (Requester's Br. at 17.) Requester maintains that if the OOR's decision stands, then "government agencies will be incented to . . . produce new documents on the record closing date, prevent[ing] [r]equesters from meaningfully discussing them on appeal, [in] hope [that] the OOR rules on them prematurely." *Id.* at 18.

In response, the PSP argues that, because Requester did not raise an objection to the disclosure or content of the Records before the OOR, the OOR did not err in dismissing the appeal as moot. Citing *Crocco v. Pennsylvania Department of Health*, 214 A.3d 316 (Pa. Cmwlth. 2019), the PSP contends that Requester, due to his failure to object, waived any issue that he may have concerning the Records. The PSP further asserts that section 1101(a) of the RTKL merely sets forth the timeframe to appeal from the decision of an agency's records officer to the OOR and that *Buehl* is distinguishable because, here, the Records were provided to a requester during the pendency of the appeal to the OOR.

Section 901 of the RTKL, governing an agency's response to a request, provides as follows:

> Upon receipt of a written request for access to a record, an agency shall . . . respond as promptly as possible under the circumstances existing at the time of the request. . . . The time for response shall not exceed five business days from the date the written request is received by the open-records officer for an agency. If the agency fails to send the response within five business days of receipt of the written request for access, the written request for access shall be deemed denied.

65 P.S. §67.901.

Section 1101(a)(1) of the RTKL states: "If a written request for access to a record is denied or deemed denied, *the requester may file an appeal with the* [*OOR*]

6

or judicial, legislative or other appeals officer designated under section 503(d) *within 15 business days of the mailing date of the agency's response* or within 15 business days of a deemed denial." 65 P.S. §67.1101(a)(1) (emphasis added). Importantly, section 102 of the RTKL, pertaining to "definitions," defines "response" as "*[a]ccess to a record or an agency's written notice* to a requester granting, denying or *partially granting and partially denying access to a record*." 65 P.S. §67.102 (emphasis added). By their plain terms, these statutory sections clearly vest a requester with 15 days to contest a governmental agency's disclosure or non-disclosure of requested records, via an appeal to the OOR, or other appeals officers designated by statute, beginning from the date on which the governmental agency responds to the request by providing the requester with records or otherwise issuing a written decision that grants or denies access to records.

Here, pursuant to section 1101(a)(1) of the RTKL, Requester filed an appeal to the OOR on August 12, 2020, challenging the PSP's written denial as to Items 1, 2, and 4. Significantly, the appeal was filed at a time when the PSP did not disclose the Records to Requester, and, by the time the PSP did disclose the Records, Requester already filed an appeal under section 1101(a)(1) of the RTKL from the PSP's initial denial of the request. Having filed such an appeal, under the pertinent statutes, Requester did not thereafter possess an explicit right under the RTKL to file another appeal with the OOR, or other statutorily designated appeals officer, in order to contest the Records that the PSP provided him during the pendency of the original appeal before the OOR; records to which the PSP essentially denied him access in the first place. Moreover, our decision in *Buehl* is distinguishable because the agency in that case provided the requester with blank documents prior to the time the requester filed an appeal to the OOR challenging the agency's copying charges for those documents,

7

and not during the proceedings before the OOR. Therefore, we conclude that Requester, once having filed an appeal from the PSP's initial denial of the request, did not possess a right under the RTKL or the case law to file an additional and separate appeal with the OOR to contest the Records that the PSP later granted him during the pendency of the original appeal before the OOR.

Nonetheless, the question then becomes whether Requester waived his challenges to the Records by failing to raise an objection to the OOR. In *Crocco*, we determined that, in the RTKL context, our review is limited to the issues presented to the OOR and arguments not raised to the OOR are waived for purposes of appellate review in this Court. 214 A.3d at 321. Under Pennsylvania law, any issue which is objected to must be done so at the first opportunity in order to permit the tribunal to correct any error at that point; if no objection is lodged, that issue will, in general, be deemed waived. *See Dilliplaine v. Lehigh Valley Trust Co.*, 322 A.2d 114, 116-17 (Pa. 1974). However, an exception to the general rule of waiver may occur where counsel had no meaningful opportunity to raise an issue below. *See* West's, Pennsylvania Appellate Practice § 302:1 (2018 ed.) (collecting cases and discussing how an issue is not waived "where counsel had no opportunity to raise [the] issue below" based upon "a practical review of factual and legal circumstances [] to determine whether failure to raise an issue was reasonable").

Here, the PSP provided Requester with the Records on September 2, 2020, the date on which the record closed. True, the General Rules of Administrative Practice and Procedure (GRAPP) permit a party to file a petition to reopen a case after the record has closed. *See* 1 Pa. Code §35.231(a).[4] However, in cases where, as here,

---

[4] This provision states:

**(Footnote continued on next page…)**

the OOR resolves the appeal without a hearing, the RTKL does not incorporate the provisions of GRAPP unless the OOR has officially adopted them via promulgated regulations. *See* section 1102(b)(1) of the RTKL, 65 P.S. §§67.1102(b)(1) ("If an appeal is resolved without a hearing, 1 Pa. Code Pt. II (relating to [GRAPP]) does not apply except to the extent that the agency has adopted these chapters in its regulations or rules under this subsection."). Notably, in section VII.A.1. of the OOR's Procedural Guidelines, which, in any event, are not promulgated regulations, the OOR has advised that, even if the appeal is decided by a hearing, GRAPP's "Subchapter I on Reopening and Rehearing . . . shall not apply."[5] As such, in the proceedings that occurred here, Requester had no right to file a petition to reopen before the OOR under 1 Pa. Code §35.231(a), or pursuant to any other statute, rule, or regulation.

Given the nature of these proceedings, absent the filing of a petition to open the record, we simply cannot discern how Requester could have opened the record to object to the Records. While, on September 11, 2020, the OOR opened the record for the limited purpose of instructing the PSP to provide additional evidence by September 15, 2020, the record was not open to Requester; consequently, we cannot

---

> After the conclusion of a hearing in a proceeding or adjournment thereof sine die, a participant in the proceeding may file with the presiding officer, if before issuance by the presiding officer of a proposed report, otherwise with the agency head, a petition to reopen the proceeding for the purpose of taking additional evidence. The petition shall set forth clearly the facts claimed to constitute grounds requiring reopening of the proceeding, including material changes of fact or of law alleged to have occurred since the conclusion of the hearing.

1 Pa. Code §35.231(a).

[5] Available at 2015-10-01_Procedural_Guidelines.pdf (pa.gov) (last visited April 11, 2022).

fault him for failing to submit an objection to the Records during this time. Indeed, such a request would fall far outside the limited scope of the OOR's decision to open the record in the first place and would contravene the OOR's specific and defined instruction that only the PSP submit additional evidence.

Therefore, we conclude Requester was not provided with a meaningful opportunity to lodge an objection to the Records before the OOR, and he did not waive the redaction issue that he presents on appeal to this Court, raising it at the first available opportunity in his petition for review to this Court. We note that had the PSP provided Requester with the Records as part of its initial response to the request or earlier in the OOR proceedings before the record closed, Requester could have filed a position statement challenging the content of the Records, as is the normal course, or asked the OOR to permit the filing of a supplemental position statement. But that route was not taken here by the PSP, and Requester did not waive his objection as to whether non-responsiveness is a valid legal ground upon which to redact an otherwise disclosable record.

Accordingly, we reverse the portion of the OOR's final determination concluding that any appeal with respect to the Records was moot because Requester did not object during the OOR proceedings.

**Could the PSP Redact Records that are Non-Responsive to a Request under the RTKL**

Requester argues that under the RTKL, a record is presumed to be disclosable unless it satisfies an exemption set forth in section 708 of the RTKL, 65 P.S. §67.708, and contends that "non-responsiveness" is not one of those exemptions. Requester further asserts that "non-responsiveness" is not a basis to redact records under section 706 of the RTKL, 65 P.S. §67.706, and he cites two final determinations,

10

one from the OOR and one from the Office of Attorney General (OAG), which appear to support his position. *See* Requester's Br. at 19-20, Exs. B-C. Requester also cites a decision from this Court, *Smart Communications Holding, Inc. v. Wishnefsky*, 240 A.3d 1014 (Pa. Cmwlth. 2020), which seemingly summarized the stance that the OOR has taken in addressing this precise issue. *See id.* at 1019 ("The OOR explained that even if the redacted paragraphs were not responsive to the [r]equest, the RTKL does not permit redaction of a responsive record because some of the content is non[-]responsive; rather, the redactions must be made pursuant to a recognized exemption.").

Upon review of the pertinent provisions of the RTKL, we conclude that an agency cannot claim "non-responsiveness" to a request as a legal basis to redact a public record that the agency has decided to disclose.

Pursuant to the RTKL, "[u]nless otherwise provided by law, *a public record*, legislative record or financial record *shall be accessible for inspection and duplication in accordance with this act*." Section 701(a) of the RTKL, 65 P.S. §67.701(a). Section 305(a) of the RTKL, titled "Presumptions," states, in relevant part, as follows:

> (a) General rule.--A record in the possession of a Commonwealth agency or local agency *shall be presumed to be a public record*. The presumption shall not apply if:
>
> (1) the record is exempt under section 708;
> (2) the record is protected by a privilege; or
> (3) the record is exempt from disclosure under any other Federal or State law or regulation or judicial order or decree.

65 P.S. §67.305(a) (emphasis added).

Here, the PSP does not claim that the Records satisfy an exemption under section 708 of the RTKL, are protected by a cognizable legal privilege, or are otherwise

11

exempt as the result of statutory, case, or regulatory law. Hence, the Records are presumptively public records and, pursuant to section 701(a), are "accessible" records that must be disclosed in full to Requester unless they may be partially redacted.

In section 706 of the RTKL, titled "Redactions," it is stated:

> If an agency determines that *a public record*, legislative record or financial record contains information *which is subject to access* as well as information which is not subject to access, *the agency's response shall grant access to the information which is subject to access* and deny access to the information which is not subject to access. If the information which is not subject to access is an integral part of the public record, legislative record or financial record and cannot be separated, the agency shall redact from the record the information which is not subject to access, and the response shall grant access to the information which is subject to access. The agency may not deny access to the record if the information which is not subject to access is able to be redacted. . . .

65 P.S. §67.706.

Here, the Records were presumptively public records that were subjected to complete disclosure. Because the PSP did not rebut the presumption of "accessibility" in accordance with section 305(a) of the RTKL, the PSP lacked any legal grounds to assert that the Records were "not subject to access" for purposes of section 706 of the RTKL. Therefore, we conclude that the PSP improperly redacted the Records on the basis of non-responsiveness and that Requester is entitled to copies of the Records in their unredacted form.[6] On this issue, we remand with the direction that the OOR enter an order directing the PSP to provide the Records, in unredacted form, to Requester within a reasonable timeframe.

---

[6] In so determining, we note that any email within an email "chain" can be separately identified and held from disclosure as being non-responsive to the original request.

12

## Conclusion

For the above-stated reasons, we reverse the portion of the OOR's final determination that concluded any appeal from the Records was moot, due to the fact that Requester did not object before the OOR. We remand to the OOR with direction that it enter an order directing the PSP to provide the Requester with unredacted copies of the Records in a reasonable timeframe. In all other respects, the OOR's final determination is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

13

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Matthew Haverstick, | : | |
| Petitioner | : | |
| | : | No. 1042 C.D. 2020 |
| v. | : | |
| | : | |
| Pennsylvania State Police, | : | |
| Respondent | : | |

## ***ORDER***

AND NOW, this 12th day of April, 2022, the September 21, 2020 final determination of the Office of Open Records (OOR) is AFFIRMED in part and REVERSED in part. The case is REMANDED to the OOR to issue an order consistent with the accompanying opinion.

Jurisdiction relinquished.

_____
PATRICIA A. McCULLOUGH, Judge